IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY F., individually and as guardian of D.F., a minor,<br><br>Plaintiff,<br><br>v.<br><br>MCGRAW HILL FINANCIAL, INC. COMPREHENSIVE MEDICAL AND PRESCRIPTION DRUG PLAN and VALUEOPTIONS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-CV-00874-BSJ<br><br>District Judge Bruce S. Jenkins |

On January 17, 2017, Defendant McGraw Hill Financial, Inc. Comprehensive Medical and Prescription Drug Plan and ValueOptions, Inc. filed a Motion for Summary Judgment and Memorandum in Support Thereof.[1] Plaintiff Jeffrey F. filed an opposition response on February 22, 2017.[2] Defendants filed a reply on March 22, 2017.[3]

Plaintiff Jeffrey F. filed his Motion for Summary Judgment and Memorandum in Support Thereof on January 17, 2017.[4] Defendants filed an opposition response on February 22, 2017.[5] Plaintiff filed a reply on March 22, 2017.[6]

---

[1] Defendants' Motion for Summary Judgment and Memorandum in Support Thereof, filed Jan. 17, 2017 (CM/ECF No. 27) (hereinafter Defendant's Motion for Summary Judgment).
[2] Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, filed Feb. 22, 2017 (CM/ECF No. 34) (hereinafter Plaintiff's Response).
[3] Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, filed Mar. 22, 2017 (CM/ECF No. 37) (hereinafter Defendants' Reply).
[4] Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof, filed Jan. 17, 2017 (CM/ECF No. 28) (hereinafter Plaintiff's Motion for Summary Judgment).
[5] Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, filed Feb. 22, 2017 (CM/ECF No. 33) (hereinafter Defendants' Response).
[6] Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, filed Mar. 22, 2017 (CM/ECF No. 38) (hereinafter Plaintiff's Reply).

Both motions for summary judgment came before the court for a hearing on April 7, 2017.[7] Brian S. King appeared on behalf of Plaintiff Jeffrey F. Belinda D. Jones and W. Mark Gavre appeared on behalf of Defendants McGraw Hill Financial Inc. Comprehensive Medical and Prescription Drug Plan and ValueOptions, Inc. At the close of oral argument, the court reserved on the matter.[8]

Having considered the parties' briefs, the arguments of counsel, and the relevant law, the court hereby GRANTS Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Jeffrey F. and his son D.F. are residents of the State of New York.[9] Defendant McGraw Hill Financial, Inc. Comprehensive Medical and Prescription Drug Plan ("McGraw Hill Financial") was Jeffrey F.'s employer during the time frame relevant to this case and sponsored an employee benefit plan (the "Plan") which Jeffrey F. participated in.[10] Under the Plan, which is a self-funded employee welfare benefits plan under 29 U.S.C. §1001 *et. seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"),[11] McGraw Hill Financial designated the Vice President, Global Benefits as the Plan Administrator.[12] The Plan states that:

> The Plan Administrator has full discretionary authority to interpret provisions of the Plans, construe terms, determine the rights or eligibility of employees and any other others, and the amounts of their benefits under the Plans, and to remedy ambiguities, inconsistencies, omissions, and otherwise make all decisions and determinations regarding administration of the Plans.[13]

Furthermore, the Plan also allows the Plan Administrator to:

---

[7] Minute Entry for Proceedings Held Before Judge Bruce S. Jenkins on April 7, 2017 (CM/ECF No. 39).
[8] *Id.*
[9] Defendants' Motion for Summary Judgment, *supra* note 1, at 6.
[10] Plaintiff's Complaint, filed Dec. 14, 2015 (CM/ECF No. 2) (hereinafter Complaint), at 2.
[11] *Id.*
[12] Plaintiff's Response, *supra* note 2, at 3.
[13] *Id.*

2

> [D]elegate duties and responsibilities as it deems appropriate to facilitate the day-to-day administration of the Plans, as well as the right to interpret the terms and conditions of the Plans and to decide administrative and operational issues, including questions pertaining to eligibility for the amount of benefits to be paid by the respective Plan, and, unless the Plan Administrator expressly provides to the contrary, any such delegation will carry with it the Plan Administrator's full discretionary authority to accomplish the delegation.[14]

The Plain identifies ValueOptions as both the "Claims Administrator" and the "Appeals Reviewer" (collectively termed in this order as "administrator") for mental health and substance abuse claims, the duties of which grant ValueOptions discretionary authority to determine eligibility for benefits or to construe the Plan's terms.[15]

In 2014, Plaintiff Jeffrey F. requested that his son's treatment at a residential treatment facility providing mental healthcare to adolescents in Utah, Gateway Academy ("Gateway"), be certified under the Plan. Prior to D.F.'s admission at Gateway he participated in True North Wilderness Program ("True North") during the summer of 2013.[16] Directly after leaving True North, D.F. was enrolled at New Summit Academy, a therapeutic boarding school from September 2013 through February 2014.[17] On March 3, 2014, D.F. was admitted to Gateway and attended through August 18, 2014.[18]

After admission at Gateway, Jeffrey F. requested that D.F.'s treatment for Residential Treatment Center Services ("RTC" or "RTC services") be certified under the Plan. In a letter dated March 24, 2014, titled "Notice of Initial Non-certification," ValueOptions stated that its doctor found that the request for RTC services could not be certified because D.F.'s symptoms did not "meet criteria for Residential Treatment Center Services" and "[a]n appropriate level of

---

[14] *Id.* at 4.
[15] *Id.*
[16] Plaintiff's Response, *supra* note 2, at 6.
[17] *Id.*
[18] Complaint, *supra* note 10, at 2.

3

care . . . is Outpatient Services."[19] This letter noted that the doctor's decision was based on the medical necessity criteria for RTC services.[20] Attached to this letter was a copy of section "3.301 Residential Treatment Center Services" of the Plan.[21]

This decision was appealed on September 4, 2014,[22] and on September 11, 2014, ValueOptions sent another letter titled "Notification of Level I Appeal Decision – Decision Upheld."[23] This letter upheld the initial non-certification letter's decision and stated that D.F.'s "symptoms did not require the mental health residential level of care with skilled staff available 24 hours per day and [D.F.] could have safely accessed a less restrictive level of care such as outpatient treatment."[24] Again, the letter stated that the decision was based on the medical necessity criteria for RTC services and included a copy of section 3.301.[25]

Jeffrey F. wrote a letter to ValueOptions dated November 26, 2014, requesting a level two member appeal and discussed several problems he saw in ValueOptions' basis for denial.[26] On December 12, 2014, ValueOptions sent a third denial letter stating that D.F. "did not require 24 hour residential psychiatry care and [D.F. was] safe and appropriate for partial hospital care (5 days per week, for 5-7 hours per day)."[27] The letter stated that the decision was based on the medical necessity criteria for RTC services and included a copy of section 3.301.[28]

---

[19] Pre-Litigation Appeal Record, filed Jan. 17, 2017 (CM/ECF No. 29) (hereinafter Pre-Litigation Record), exhibit 7 "Other Documents", at VO/DF 00020.
[20] *Id.*
[21] *Id.*
[22] Defendant's Motion for Summary Judgment, *supra* note 1, at 11.
[23] Pre-Litigation Record, *supra* note 19, exhibit 7 "Other Documents", at VO/DF 00027.
[24] *Id.*
[25] *Id.*
[26] *Id.* at VO/DF 00033.
[27] Pre-Litigation Record, *supra* note 19, exhibit 7 "Other Documents", at VO/DF 00247.
[28] *Id.*

On March 12, 2015, ValueOptions received a request for an external appeal,[29] which was assigned to Prest & Associates, Inc., ("Prest") an independent review organization. Prest sent a letter to Jeffrey F. dated March 31, 2015, detailing its principle reasons and clinical rationale for its decision which found that D.F. "does not meet ValueOptions 3.301 criteria for residential treatment level of care."[30]

Plaintiff Jeffrey F. filed a Complaint in this court on December 14, 2015, alleging that under 29 U.S.C. §1132(a)(1)(B), the Defendants breached their duties to D.F.[31] Plaintiff requested judgment in the total amount of D.F.'s treatment at Gateway under the terms of the Plan, plus pre and post-judgment interest to the date of payment and attorney fees and costs incurred pursuant to 29 U.S.C. §1132(g). [32]

## DISCUSSION

The operative issue in this case is whether the administrator's determination that D.F. was not eligible for RTC services was an abuse of discretion under the arbitrary and capricious standard. The court finds that the administrator, ValueOptions, did not abuse its discretion. The denial of benefits was reasonable because it was based on substantial evidence in D.F.'s medical records that RTC services were not medically necessary.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33] Specific to the cause of action in this case, "[a] court reviewing a challenge to a denial of employee benefits under 29 U.S.C § 1132(a)(1)(B) applies an 'arbitrary and capricious' standard to a plan administrator's actions if the plan grants the administrator discretionary authority to

---

[29] Defendant's Motion for Summary Judgment, *supra* note 1, at 12.
[30] Pre-Litigation Record, *supra* note 19, exhibit 7 "Other Documents", at VO/DF 00259.
[31] Complaint, *supra* note 10, at 9-10.
[32] *Id.* at 10-11.
[33] Fed. R. Civ. P 56(a).

determine eligibility for benefits or to construe the plan's terms."[34] Under the arbitrary and capricious standard, an administrator's decision is upheld unless it is "not grounded on any reasonable basis."[35] "[T]he Administrator's decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within [its] knowledge to counter a claim that it was arbitrary and capricious."[36]

The court finds that Defendants did not abuse their discretion under the arbitrary and capricious standard because their denial of RTC services was reasonable since it was grounded on substantial evidence in D.F.'s medical records. The medical records submitted to the court demonstrate that there were various opinions about the severity of D.F.'s symptoms. Some of these opinions came from counselors at True North[37] and New Summit Academy,[38] D.F.'s prior two placements before entering Gateway. Those opinions were characterized by the administrator as demonstrating that D.F.'s condition "does not indicate the presence of aggressive, threatening behaviors and thoughts that would meet criteria for Residential Treatment Center Services," and that the "[d]ocumented severity of symptoms do not warrant [RTC services] level of care."[39]

There are indeed other opinions in D.F.'s medical records that may be interpreted to support an alternative finding that RTC services were medically necessary. Jeffrey F. alleged in his letter dated November 26, 2014, that True North recommended D.F. continue in residential treatment.[40] In this correspondence, Jeffrey F. also referenced the opinions of Dr. Robert

---

[34] *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097 (10th Cir. 1999) (citing *Charter Canyon Treatment Center v. Pool Co.*, 153 F.3d 1132, 1135 (10th Cir. 1998)).
[35] *Id.* at 1098.
[36] *Id.*
[37] Defendant's Motion for Summary Judgment, *supra* note 1, at 18.
[38] *Id.* at 18-19.
[39] *Id.* at 20.
[40] Pre-Litigation Record, *supra* note 19, exhibit 7 "Other Documents", at VO/DF 00038.

Gaines[41] and Dr. Sharron Dupler,[42] who both recommended D.F. be placed in a restricted environment with 24/7 supervision. There were several arguments and pieces of evidence that Jeffrey F. discussed throughout his letter to support the claim that RTC services were medically necessary.

Indeed, these arguments may be important to the administrator's assessment, however, it is not the task of this court to evaluate whether RTC services were medically necessary. Rather, the arbitrary and capricious standard requires this court to determine whether the administrator's decision that RTC services were not medically necessary was reasonable, i.e., whether that decision was based on substantial evidence in the record. The court finds that while there is some variance in D.F.'s medical records concerning the severity of D.F.'s symptoms, the administrator's decision that RTC services were not medically necessary was nevertheless based on substantial evidence in the record.

Additionally, Plaintiff alleged in his Motion for Summary Judgment[43] and during the April 7th hearing[44] that Defendants abused their discretion because they used incorrect criteria to evaluate whether D.F.'s symptoms required the RTC services level of care. The court is not convinced that the Defendants used incorrect criteria. Each denial letter included a copy of the RTC service criteria. Each denial letter stated its decision was based on the rationale that RTC services were not medically necessary to treat D.F. These criteria are found in section 3.301

---

[41] Jeffrey F. attached a letter dated November 12, 2014, written by Robert Gaines, D.F.'s individual psychotherapist from March, 2004 (age five, grade K) through June, 2013 (age fourteen, grade 9). Dr. Gaines' letter is found on page VO/DF 00084-87 of the Pre-Litigation Record, exhibit 7 "Other Documents".
[42] Another letter from Sharron E. Dupler, who treated D.F. from October 2005 to December 2013, stated that D.F. should "be placed in a restricted environment with 24/7 structure and supervision." Dr. Dupler's letter is found on page VO/DF 00088-89 of the Pre-Litigation Record, exhibit 7 "Other Documents".
[43] Plaintiff's Motion for Summary Judgment, *supra* note 4, at 27.
[44] Motions for Summary Judgment Transcript, April 7, 2017, at 3:9-5:6.

Residential Treatment Services (RTS) (Child/Adolescent) of the Plan. Under the exclusion criteria it states:

> Any of the following criteria is sufficient for exclusion from [RTC] level of care: . . . 3. The child/adolescent can be safely maintained and effectively treated at a less intensive level of care.[45]

While the denial letters did contain some language that may be connected to criteria used in an evaluation of acute inpatient level of care,[46] these words are insufficient to support Plaintiff's allegation.

## CONCLUSION

For the reasons stated, the court finds the Defendants' determination that D.F. was not eligible for Residential Treatment Center Services was not an abuse of discretion under the arbitrary and capricious standard because it was reasonable and based on substantial evidence in D.F.'s medical records.

Consistent with these findings and limited thereby, the court hereby GRANTS Defendant's summary judgment motion and dismisses Plaintiff's Complaint in its entirety. Let judgment be entered accordingly.

DATED this 20th day of April, 2017.

Bruce S. Jenkins
United States District Judge

---

[45] Pre-Litigation Record, *supra* note 19, exhibit 7 "Other Documents", at VO/DF 00025.
[46] *See* Motions for Summary Judgment Transcript, April 7, 2017, at 27:17-30:8